**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER CASTILLO, | No. 07-55482 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01467-MLR |
| v. | |
| LEROY BACA, Sheriff, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Javier Castillo appeals pro se from the district court's judgment dismissing

his 28 U.S.C. § 2241 petition on abstention grounds under *Younger v. Harris*,

401 U.S. 37 (1971).  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castillo challenges his detention under pending petitions to civilly commit him as a sexually violent predator. In particular, he contends that his detention in lieu of removal from the United States violates due process.[1] The district court properly invoked *Younger* abstention because the civil commitment proceedings brought against Castillo are judicial in nature and implicate important state interests, and Castillo would have an adequate opportunity to litigate his federal claims during his state trial and post-trial proceedings. *See Younger*, 401 U.S. at 41; *Gilbertson v. Albright*, 381 F.3d 965, 976-78 (9th Cir. 2004) (en banc) (discussing factors to be considered when determining whether *Younger* abstention applies).

**AFFIRMED.**

---

[1] We sua sponte certify for appeal the issue of whether the district court's decision to invoke *Younger* abstention was proper, *see Cooke v. Solis*, 606 F.3d 1206, 1212 (9th Cir. 2010), because it appears that Castillo must obtain a certificate of appealability, *see Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).